**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF GEORGIA

BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )  Case No. **CV 206-040** |
| LONG COUNTY, GEORGIA; LONG COUNTY BOARD OF COMMISSIONERS; THE OFFICE OF THE ELECTIONS SUPERINTENDENT OF LONG COUNTY; and THE OFFICE OF THE REGISTRAR OF LONG COUNTY, | )<br>)<br>)<br>)<br>)<br>)<br>)  **CV 206-040**<br>)  CONSENT DECREE |
| Defendants. | )<br>)<br>) |

## CONSENT DECREE

The United States of America filed this action pursuant to Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973, alleging violations of Section 2 arising from Defendants' election practices and procedures as they affect Hispanic voters in Long County.

According to the 2000 Census, Long County has a total population of 10,304, of whom 7,049 (68.4%) are White, 2,499 (24.3%) are African-American, and 870 (8.4%) are Hispanic. The Hispanic population in Long County has increased 460% since the 1990 Census, in which it totaled 189.

The Complaint states that in July 2004, three candidates running for office in the July 20, 2004 primary election in Long County filed 45 challenges against Hispanic or Spanish-surnamed voters on the grounds that they were not United States citizens. The Complaint furthers states that Defendants violated Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, by requiring these voters to prove their citizenship in order to vote, even though the challenges were not supported by any credible evidence calling into question the citizenship of the challenged voters. According to the Complaint, the Defendants' conduct has had the effect of denying Hispanic voters an opportunity to participate in the political process and to elect candidates of their choice on an equal basis with other citizens.

To avoid protracted and costly litigation, the parties have agreed that this lawsuit should be resolved through the terms of this Consent Decree (the "Decree"). Accordingly, the United States and Defendants hereby consent to the entry of this Decree, as indicated by the signatures of counsel at the end of this document. The parties waive a hearing and entry of findings of fact and conclusions of law on all issues involved in this matter.

Defendants are committed to complying fully with all of the requirements of Section 2 of the Voting Rights Act in future elections and stipulate that each provision of this Consent Decree is appropriate and necessary.

Accordingly, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that:

1. Defendants, their agents, employees, contractors, successors, and all other persons or government entities representing the interests of Defendants are hereby PERMANENTLY ENJOINED from discriminating against voters on account of race, color, or membership in a

language-minority group, in violation of Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973. In conducting its elections, Defendants shall treat all voters equally, without regard to race, color, or membership in a language-minority group.

2. The terms of this Decree apply to all elections in Long County which Defendants administer or conduct, in whole or in part. Whenever Defendants enter into an election-related services contract with any other entity to conduct an election on behalf of Long County, Defendants shall require such other entity to agree to abide by the terms of this Decree as if such entity were a party to this Decree with the United States.

**Challenge Procedures**

3. Defendants shall provide to each person who wishes to challenge the right to vote of any elector and to each person who wishes to challenge the qualifications of any elector on the list of registered voters a notice that states: " A challenger must have a legitimate non-discriminatory basis to challenge a voter. Challenges filed on the basis of race, color, or membership in a language-minority group are not legitimate bases for attacking a voter's eligibility."

4. Upon receipt of a voter challenge, Defendants shall follow the state law procedures set forth in Article 6 of the Ga. Code Ann., § 21-2-210 et seq., as appropriate.

**Notice to Spanish-Speaking Community**

5. No later than thirty (30) days from the entry of this Decree, Defendants shall translate into Spanish Attachment A to this Decree and shall send a bilingual version in English and Spanish of Attachment A to each of the 45 voters who was challenged on the basis of citizenship in July 2004, other than any voters who are no longer on the Long County voter list.

6. No later than thirty (30) days from the entry of this Decree, Defendants shall translate into Spanish Attachment B to this Decree and shall send a bilingual version in English and Spanish of Attachment B to all of the voters on Long County's voter registration list who have identified themselves racially as being "Hispanic" or "Other."

**Training of Election Officials**

7. No later than forty-five (45) days from the entry of this Decree, all election officers for Long County, including the Registrar, the Elections Superintendent, and Deputy Registrars, shall receive training on the legal requirements set forth in the Voting Rights Act, with a focus on the types of conduct that may constitute a violation under Section 2, and on Georgia state law regarding how to respond to voter challenges. The training shall stress the importance of applying all voting standards and practices equally regardless of race, color, or membership in a language-minority group. Defendants shall maintain a record of which election officers attend the training, including the time, location, and training personnel involved.

8. With respect to election officers hired by Defendants hereafter, Defendants shall comply with the requirement set forth in Paragraph 7 within three (3) months of the election officer's commencing his or her position.

9. Prior to each election, Defendants shall train all poll workers and other election personnel to be present at the polls on the following topics: applying all voting standards and practices equally; being respectful and courteous to all voters regardless of race, ethnicity, color, or language abilities; allowing voters their assistor of choice consistent with and as limited by Section 208 of the Voting Rights Act, 42 U.S.C. § 1973aa-6; and allowing any bilingual poll workers to assist minority-language voters. In addition, any poll workers who speak Spanish and English shall be instructed that part of their responsibilities include translating for and assisting

limited English proficient voters. Defendants shall maintain a record of which poll workers attend training sessions, including the time, location, and training personnel involved.

### Retention of Documents and Reporting Requirements

10. During the duration of this Decree, Defendants shall make and maintain written records of all actions taken pursuant to this Decree and shall provide copies of such records to the United States upon request.

11. During the duration of this Decree, at least thirty (30) days before each election administered or conducted by Defendants, Defendants shall provide to counsel for the United States, (a) the name, address, and precinct designation of each consolidated precinct; and the names of Spanish-speaking persons scheduled to work at the polls. Within thirty (30) days after each election, Defendants shall provide to counsel for the United States (a) information about any complaints the County received at the election regarding Spanish language materials or assistance; and (b) copies of the training attendance sheets referred to in Paragraphs 7 and 9 of this Decree. Copies may be provided electronically.

### Other Provisions

12. This Decree is final and binding between the parties and their successors in office regarding the claims raised in this action. This Decree shall remain in effect through December 31, 2008.

13. The Court shall retain jurisdiction of this case to enter further relief or such other orders as may be necessary for the effectuation of the terms of this agreement and to ensure compliance with Section 2 of the Voting Rights Act.

14. Each party shall bear its own costs and fees.

Agreed to this 10th day of Feb., 2006.

AGREED AND CONSENTED TO:

For Plaintiff United States of America:                    For Defendants:

_____                              _____
WAN KIM (DC Bar No. 454269)                                 RICHARD D. PHILLIPS
Assistant Attorney General                                  Phillips & Kitchings
Civil Rights Division                                       P.O. Box 69
                                                            Ludowici, GA 31316
                                                            (912) 545-2191

_____                              _____
LISA GODBEY WOOD (GA Bar No. 298198)                        B. JAY SWINDELL
United States Attorney                                      406 North Caswell Street
DELORA KENNEBREW (GA Bar No. 414320)                        Glennville, GA 30427
Assistant United States Attorney                            (912) 654-2116


_____
JOHN TANNER, Chief
ALBERTO RUISANCHEZ, Trial Attorney (MD Bar)
Voting Section
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Ave., N.W. - NWB-7254
Washington, D.C. 20530
Fax: (202) 307-3961
Tel.: (202) 305-1291

## JUDGMENT AND ORDER

This Court, having jurisdiction over this action pursuant to 42 U.S.C. § 1973j(f) and 28 U.S.C. §§ 1331 and 1345, has considered the United States' claim under Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973, and has considered the terms of the Consent Decree, and hereby enters the relief set forth above and incorporates those terms herein.

ENTERED and ORDERED this 10 day of Feb, 2006.

_____
UNITED STATES DISTRICT COURT JUDGE

# ATTACHMENT "A"

Date

Dear _____:

In July 2004, you received a letter from Long County informing you that your right to vote had been challenged by three people who claimed that you were not a United States citizen. In response to this challenge against you, the County set up a hearing to resolve the matter. On July 14, 2004, the County sent you a letter notifying you of that hearing and stating, "You will need to be present with proof of your citizenship at this time."

While the law requires that each voter be a citizen of the United States, there was no evidence presented to support the challenge against you, and the challenge should have been denied without the need for you to present proof of citizenship. We regret any harm or inconvenience this may have caused you.

Federal law protects Hispanic citizens of the United States against discrimination in voting. Long County is committed to protecting the rights of Hispanic citizens, and regrets any past actions that may have confused or discouraged any vote.

According to Long County's voter registration list, you are an eligible voter. We encourage you to vote in the next election in Long County, which is currently scheduled for July 2006. Please contact me at (912) 545-2234 if you have any questions or concerns.

Sincerely,

Becky Chambless
Registrar
Long County

# ATTACHMENT "B"

Date


Dear _____:


In July 2004, three candidates running for office in the July 20, 2004 primary election challenged the right to vote of 45 Hispanic residents of Long County. The challengers claimed that these residents were not eligible to vote because they were not United States citizens. Long County's Board of Registrars found that there was no evidence presented to support the challenges. As a result, all of the challenges were denied.

While the law requires that each voter be a citizen of the United States, the law also forbids any practice that results in discrimination against voters on the basis of their membership in a language minority group. Federal law protects Hispanic citizens of the United States against discrimination in voting. Long County is committed to protecting the rights of Hispanic citizens, and regrets any past actions that may have confused or discouraged any vote.

According to the County's voter registration list, you are an eligible voter. We encourage you to vote in the next election in Long County, which is currently scheduled for July 2006. Please contact me at (912) 545-2234 if you have any questions or concerns.


Sincerely,


Becky Chambless
Registrar
Long County